IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILUNA HOLDINGS, LLC, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DOES 1-50, | : | |
| Defendants. | : | NO. 13-1143 |

**M E M O R A N D U M**

PRATTER, J.                                                                                                       APRIL 3, 2013

Plaintiff Wiluna Holdings, LLC sells pornographic videos.  Wiluna alleges that it operates the websites www.clips4sale.com and www.c4s.com, and that it markets videos under the trademarks clips4sale, clips4sale.com, c4s, and c4s.com.  Wiluna further alleges that John Doe Defendants have infringed on its trademarks by sending emails from the address saraclips4sale@gmail.com which suggest that the sender of the emails is affiliated with, or approved by, Wiluna.  For obvious reasons, no defendants have yet been served with the complaint.  By its present motion, Wiluna seeks an order permitting expedited discovery for the purpose of identifying John Doe Defendants.  For the reasons that follow, the Court grants the motion.

**I.      Background**

Wiluna filed its complaint on March 5, 2013, and filed its motion for expedited discovery 15 days later.  In its motion, Wiluna seeks permission to serve a single Rule 45 subpoena on Google, Inc. so that Wiluna may identify the account holder of the saraclips4sale@gmail.com email address.  Wiluna asserts that "[w]ithout this information, [it] cannot pursue its lawsuit to protect it[s] trademarks." *See* Docket No. 4-1 at 1-2.  In support of this assertion, Wiluna states that there is no identifying information within the email messages it has obtained, and that Google will not voluntarily provide to Wiluna such information.  *See id.* at 6.  Therefore, Wiluna

1

claims that it can only identify the Defendants and proceed with its case by subpoenaing identifying data from Google. *See id.* at 8.

## II. Legal Standard

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). The Federal Rules of Civil Procedure "offer little guidance as to when it is appropriate to authorize expedited and/or early discovery," and the Third Circuit Court of Appeals has not "adopted a standard for evaluating such requests[.]" *See Kone Corp. v. Thyssenkrupp USA, Inc.*, No. 11-465, 2011 U.S. Dist. LEXIS 109518, at *9 (D. Del. Sept. 26, 2011). In the absence of controlling authority, courts within this circuit have employed two different standards for adjudicating requests for early discovery.

First, at least one court within this circuit has "appli[ed] the factors traditionally applied to a preliminary injunction" in order to determine the appropriateness of expedited discovery. *See Gucci Am., Inc. v. Daffy's, Inc.*, No. 00-4463, 2000 U.S. Dist. LEXIS 16714, at *17 (D.N.J. Nov. 14, 2000). Under this approach, a court would determine whether to permit expedited discovery by considering the likelihood of success on the merits, whether a plaintiff will be exposed to irreparable injury, the harm to the defendant, and the public interest. *See id.* at *19. Applying this standard, the *Gucci* court denied a motion for expedited discovery. *See id.* at *27-28.

However, the prevailing approach on this issue is to decide a motion for expedited discovery based on a reasonableness standard, rather than a preliminary-injunction type standard. To remain abreast of the reasonableness standard, "the court must weigh the need for discovery at an early juncture in the litigation against the breadth of the discovery requests and the prejudice to the responding party[.]" *Kone*, 2011 U.S. Dist. LEXIS 109518, at *10-11. Courts

applying the reasonableness standard may consider: (i) the timing and context of discovery requests; (ii) the scope and purpose of the requests; and (iii) the nature of the burden to the responding party.  *See id.* at *11; *Entm't Tech. Corp. v. Walt Disney Imagineering*, No. 03-3546, 2003 U.S. Dist. LEXIS 19832, at *14 (E.D. Pa. Oct. 2, 2003) (considering "the totality of the circumstances" in applying the reasonableness standard).

Given the information currently before it, the Court concludes that the reasonableness standard should govern Wiluna's motion.  In so doing, the Court notes that *Gucci* "involved [a] unique set[] of facts," because the request for expedited discovery in that case was potentially "the product of a type of sham litigation, designed not to shine light on the merits of the allegations contained in the complaint, but instead to permit the plaintiffs to learn the identity of third-party distributors who were selling certain handbags."  *Kone*, 2011 U.S. Dist. LEXIS 109518, at *13, 15.  Here, the Court discerns no such ulterior motive behind Wiluna's motion for expedited discovery.  Moreover, at least two courts within this district have adopted the reasonableness standard as opposed to the preliminary-injunction type approach.  *See Barbieri v. Wells Fargo & Co.*, No. 09-3196, 2012 U.S. Dist. LEXIS 105969, at *11 (E.D. Pa. July 27, 2012); *Walt Disney*, 2003 U.S. Dist. LEXIS 19832, at *13-14.  District courts are experienced gatekeepers for a host of matters that are measured against the familiar reasonableness balance, and the issue at hand appears entirely within the realm of such matters that call for the court to exercise discretion with due regard for competing interests.  Therefore, the Court will adjudicate the pending motion by balancing "the need for discovery at an early juncture" against "the breadth of the discovery requests and the prejudice to the responding party[.]"  *Kone*, 2011 U.S. Dist. LEXIS 109518, at *10-11.

**III.   Application**

In this case, Wiluna has presented what facially appears to be a legitimate justification for expedited discovery. As stated above, Wiluna cannot now identify the account holder or holders of the saraclips4sale@gmail.com email address, and Google has thus far declined to voluntarily produce identifying information as to this account holder. Without early discovery, Wiluna cannot determine the appropriate person to serve with a summons and complaint, and this litigation cannot proceed.

On the other side of the ledger, Wiluna seeks permission to propound a narrow discovery request. If granted, Wiluna's motion would only permit it to serve a single subpoena on Google related to the account holder or holders of a single email address. The Court cannot foresee how responding to such a subpoena would unduly prejudice Google. Moreover, to the extent that Google believes that the subpoena does create prejudice, it may move to quash or modify the subpoena pursuant to Federal Rule of Civil Procedure 45. Therefore, the Court finds that Wiluna has made a reasonable request for expedited discovery.

**IV.     Conclusion**

For the foregoing reasons, the Court grants Wiluna's motion for expedited discovery.

An Order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

4